UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21240-Civ-SCOLA/TORRES

GLOBAL LIFE TECHNOLOGIES
CORP., a Delaware corporation,

    Plaintiff,

vs.

MEDLINE INDUSTRIES, L.P.,

    Defendant.
_____/

### ORDER GRANTING MOTION TO SEAL AND MAINTAIN CONFIDENTIALITY

This matter is before the Court on Medline Industries, L.P.'s ("Medline" or "Defendant") unopposed motion to maintain the retraction status of the hearing transcript of March 23, 2022 [D.E. 67], as well as on Medline's motions to seal the Declaration of Alan Cecola dated August 4, 2022 [D.E. 71], and to approve certain redactions to the hearing transcript of July 7, 2022 [D.E. 74].  Global Life Technologies Corp. ("GLTC" or "Plaintiff") filed timely responses in opposition [D.E. 75] [D.E. 79], to which Medline did not reply.  Therefore, Defendant's motions are now ripe for disposition.[1]  After careful consideration of the motions, responses, relevant authority, and for the reasons set forth below, Defendant's motions are **GRANTED**.

---

[1] On March 18 and August 5, 2022, the Honorable Darrin P. Gayles referred the subject Motions to the Undersigned Magistrate for disposition.  [D.E. 51], [D.E. 76].

## I. ANALYSIS

GLTC, a company involved in the manufacturing of pharmaceutical products, brought this action against Medline, a competitor, seeking enforcement of a settlement agreement executed by the parties in a patent infringement case that GLTC previously filed against Medline. According to GLTC, Defendant has continued to sell certain nasal swabs in breach of the terms of the settlement agreement. [D.E. 40-1]. During the course of the proceedings, this Court has granted both parties leave to file their briefs under seal, [D.E. 38] [D.E. 54], and has held two hearings relevant to the motions at hand, one on March 23, 2022, and one on July 7, 2022.

Defendant first moves this Court for an order directing the Clerk to maintain the docket restriction that has been applied to the transcript of the hearing held on March 23, 2022, [D.E. 60]. Plaintiff did not file a response in opposition to Defendant's motion. Medline asserts that the transcript reflects information that the parties have designated confidential, including extensive discussions on the substance of the confidential settlement agreement between the parties. After careful review of the motion and the hearing transcript, we find good cause to maintain the restriction of the transcript. Accordingly, Defendant's motion is GRANTED.

Next, Medline moves this Court for an order that allows it to file the declaration of its Vice President of Product Management, Alana Cecola, under seal. [D.E. 71]. Because the motion makes a sufficient showing that the order to seal is

warranted, and Plaintiff has failed to provide good cause to rule otherwise, we grant Defendant's motion.

First, and as noted earlier, this Court has previously granted the parties leave to file their respective briefs under seal in this case, [D.E. 38] [D.E. 54], and Plaintiff's opposition falls short of establishing good cause to depart from our prior determinations on the confidential contents of the materials at issue. Second, and contrary to Plaintiff's claims, Medline's motion does articulate multiple reasons justifying the filing under seal. Among other things, Medline posits that Ms. Cecola's declaration discusses confidential information regarding Medline's hold implementation and operating procedures, as well as sales volumes information, competitive pricing details, number of distribution centers, and settlement agreement provisions that the parties designated as confidential. [D.E. 71 at 2]. After full consideration of the arguments presented, we are not persuaded by Plaintiff's conclusory view that this seemingly sensitive business information does not warrant confidentiality protection at this point in time. *See MSP Recovery Claims, Series LLC v. Ameriprise Ins. Co.*, No. 17-Civ-24033, 2018 U.S. Dist. LEXIS 2941, at *4 (S.D. Fla. Jan. 8, 2018) (sealing of information proper where "there is a possibility that" its disclosure would adversely affect Plaintiff's business).

Indeed, a balancing of the competing interests presented by the parties weighs clearly in favor of granting Defendant's motion to seal. *See F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) ("The test for whether a judicial record can be withheld from the public is a balancing test that weighs 'the competing interests of

the parties'") (citation omitted). Medline has articulated material concerns about the public disclosure of what is potentially sensitive and competitive business information. Plaintiff, on the other hand, unsuccessfully tries to overcome this confidentiality interest by making generalized references to principles of public access and fails to identify any tangible prejudice that would result from the sealing of Ms. Cecola's declaration: Plaintiff will receive a copy of the full declaration, and the public will have access to a redacted version filed on the Court's public docket. As such, we hold that Medline has made a sufficient showing of good cause to warrant the filing of Ms. Cecola's declaration under seal.

Yet the Court does not agree with Medline's view that the declaration must be deemed "permanently sealed." [D.E. 71 at 3]. Rather, the declaration will remain sealed until this Court determines, pursuant to good cause, that unsealing the declaration and removing its confidentiality designation is warranted. Furthermore, Defendant must serve a copy of Ms. Cecola's declaration on Plaintiff and file a redacted version of the declaration on the public docket.

Finally, and for the same reasons discussed above, Medline's motion to retain the restricted status of the hearing transcript of July 7, 2022, [D.E. 74] is GRANTED. A review of the motion and the transcript reveals that the proposed redactions are narrowly tailored to information the parties have previously designated confidential and that are consistent with this Court's prior orders allowing for the filing of documents under seal in this action. *See* [D.E. 38] [D.E. 54]. As such, we find that, at this point in time, the transcript warrants confidentiality protection.

## II. CONCLUSION

For the foregoing reasons, Medline's motions are **GRANTED** as follows:

1. The unopposed motion to retain the restricted status of the hearing transcript of March 3, 2022, [D.E. 67], is GRANTED. The Clerk of Court is directed to maintain the restriction on the unredacted transcript on the docket (*i.e.*, [D.E. 60]) and to remove the restriction only as to the redacted copy (*i.e.*, [D.E. 61]).

2. Defendant's motion to file Ms. Cecola's declaration under seal, [D.E. 71], is GRANTED. Defendant must serve an unredacted copy of the declaration on Plaintiff and file a redacted version of the declaration on the Court's public docket.

3. Defendant's motion to retain the restricted status of the hearing transcript of July 7, 2022, [D.E. 74], is GRANTED. The Clerk of Court is directed to maintain the restriction on the unredacted transcript on the docket (*i.e.*, [D.E. 69]) and to remove the restriction only as to the redacted copy that Medline provided to the Clerk. [D.E. 74 at 4].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge